IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRITTANY BROWN,** | CIVIL DIVISION |
| Plaintiff, | Case No. 26-722 |
| v. | |
| **VIANT COLLEGEVILLE, LLC d/b/a VIANT MEDICAL,** | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, Brittany Brown, by and through her attorney, David Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### Summary

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951, *et seq*. Plaintiff alleges that she was harassed on the basis of her sex in violation of Title VII and the PHRA and accommodations denied in violation of the ADA.

### Jurisdiction and Venue

2. This action arises under Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Pennsylvania, and a substantial part of the events giving rise to the claims occurred in Eastern Pennsylvania. Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, and the venue is proper pursuant to 28 U.S.C. §1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under Title VII and the PHRA on April 3, 2025 under charge number 530-2025-04981. *See Exhibit 1*.

5. Plaintiff was mailed a Notice of Right to Sue from the EEOC on December 19, 2025. This complaint has been filed within ninety (90) days of the Plaintiff's receipt, thus making this action timely. *See Exhibit 2*.

**Parties**

6. Plaintiff, Brittany Brown ("Plaintiff"), is an adult individual with a primary residence located at 551 Cherry Street, Apt. 4, Norristown, PA 19401.

7. Defendant, Viant Collegeville, LLC d/b/a Viant Medical ("Defendant"), is a foreign limited liability company with an address of 2 Hampshire St, Foxborough, MA 02035.

8. Defendant's local address is 200 West 7th Avenue, Collegeville, PA 19426.

**Facts**

9. Plaintiff began working for Defendant on May 5, 2024 as an ECM Operator.

10. During Plaintiff's time employed by Defendant, she faced sexual harassment from three different men.

11. On her first day, an older white gentleman approached Plaintiff.

12. He was asking Plaintiff personal questions, including but not limited to:

   a. How old are you?

        b. What's your nationality?

        c. Are you from around there?

        d. Do you have kids?

        e. Do you have a boyfriend?

13. After Plaintiff stopped responding to his personal questions, he began telling her that she was too stupid to work here and that she wouldn't last long.

14. Plaintiff reported this employee to HR.

15. HR told Plaintiff that they would tell him to stay away from her and that there was no reason for him to be near her.

16. He didn't work in the same area as Plaintiff. He went out of his way to talk to her.

17. Plaintiff was so upset, HR told her to go home.

18. Plaintiff later discovered HR penalized her for going home early.

19. Later, during Plaintiff's employment, her supervisor, Walter, and another employee, Rohan Scott also began to sexually harass her.

20. Walter asked Plaintiff when she was free and of she wanted to go to the bar and drink with him.

21. Plaintiff declined Walter's invitation.

22. After that, Walter became hostile towards her.

23. Walter would stand across from Plaintiff's work station for 5 to 10 minutes at a time and stare at her.

24. He would engage in conversations with other employees and not stare at them.

25. Walter's behavior made Ms. Brown incredibly uncomfortable.

26. Another supervisor, Marion, told Plaintiff other people on her shift were intimidated by her because of her looks.

27. Marion also noticed Walter's odd behavior and asked if Plaintiff had turned him down.

28. After telling Marion that she did turn him down, he told her, she needed to report him to HR. however, Plaintiff was terminated before she could make that report.

29. Scott would go out of his way to talk to Plaintiff in the break room.

30. Scott asked Plaintiff for her phone number, which she declined to give him.

31. Scott repeatedly asked Plaintiff if she wanted to hang out with him after work, to which she always declined.

32. After her termination, Scott looked up her name, found her on Facebook, and started messaging her.

33. Plaintiff was terminated because she allegedly had marijuana in her system.

34. However, Scott was messaging Plaintiff saying they could smoke together and sent her pictures of his weed.

35. Other employees had tested positive for drugs but only received a writeup.

36. During Plaintiff's employment, she developed a rash from the chemicals she was working around.

37. Plaintiff reported the rash to my safety advisor as well as Walter.

38. The safety advisor went over Personal Protection Equipment and told her to keep him updated on the rash.

39. Plaintiff asked if she could have a different assignment for the night to give her skin a break. The rash had developed into an open sore and the machine she worked with made the pain unbearable.

40. Walter refused to give Plaintiff a different assignment and told her if she wanted another assignment, that she would have to go to the hospital.

41. Plaintiff was in the emergency room later that night. While she was there, HR was texting me, telling her that she needed to go to Respondent's clinic.

42. HR even went as far as calling the hospital and telling the nurse not to treat Plaintiff.

43. Other employees who developed rashes were transferred to other departments.

44. Plaintiff was the only female in this department.

45. Plaintiff's official termination date is June 24, 2024.

## COUNT I
### Sexual Harassment in Violation of Title VII

46. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

47. Defendant is an employer within the meaning of Title VII.

48. Plaintiff was an employee within the meaning of Title VII.

49. Plaintiff experienced regular sexual harassment during her employment with Defendant.

50. As her employer, Defendants had a duty to provide Plaintiff with a harassment-free workplace.

51. Defendant failed to do so.

52. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT II
### Sexual Harassment in Violation of the PHRA

53. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

54. Because Plaintiff is able to state a prime facie case for sexual harassment and retaliation under Title VII, so too will she be able to state such a claim under the PHRA.

55. Defendant is an employer within the meaning of the PHRA.

56. Plaintiff is an employee within the meaning of the PHRA.

57. As her employer, Defendant had a duty to provide Plaintiff with a harassment free workplace.

58. Plaintiff suffered damages as a result of the sexual harassment and retaliation, including lost wages and emotional distress.

59. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT III
### Failure to Accommodate in Violation of the ADA

60. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

61. Plaintiff reported that a rash developed from the chemicals she was working around.

62. Plaintiff's rash developed to the point that the pain was unbearable.

63. Plaintiff requested an accommodation of a different short-term assignment to give her skin time to heal.

64. Plaintiff was refused another assignment, unless she went to the hospital.

65. Other employees who had developed rashes were treated differently and transferred to other departments.

66. Plaintiff's requests for accommodations was a legally protected activity.

67. Defendant failed to engage in good-faith communications to identify reasonable accommodation for Plaintiff's diagnosed disabilities.

68. There is a causal connection between Plaintiff's protected activity and his termination.

69. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT IV
### Disability Discrimination in Violation of PHRA

70. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

71. Because Plaintiff is able to state a viable claim of discrimination under the ADA, she is also able to state a claim under the PHRA.

72. Plaintiff was disabled in that she suffered from painful side effects due to the nature of her work.

73. Plaintiff was qualified to do her job and she simply needed short-term accommodations such as a temporary change in assignment.

74. Defendant discriminated against Plaintiff on the basis of her disabilities.

75. Plaintiff engaged in a protected activity, requesting an accommodation for her disabilities.

76. Defendant's conduct constitutes disability discrimination in violation of the PHRA.

77. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT V
### Sex Discrimination in Violation of Title VII

78. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

79. Defendant is an employer within the meaning of Title VII.

80. Plaintiff was an employee within the meaning of Title VII.

81. Plaintiff's protected class is her sex/gender.

82. Plaintiff was fully qualified for the position with Defendant.

83. Plaintiff was subjected to sexual harassment from three different male employees while working with Defendant.

84. Plaintiff reported the harassment to HR.

85. Plaintiff was advised to report the additional harassment shortly before her termination.

86. Plaintiff was treated in such a way that male employees were not treated.

87. Plaintiff suffered damages as a result of the sexual harassment and discrimination, including lost wages and emotional distress.

88. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT VI
### Sex Discrimination in Violation of PHRA

89. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

90. Defendant is an employer within the meaning of the PHRA.

91. Plaintiff was an employee within the meaning of the PHRA.

92. Plaintiff is of the protected class of sex/gender.

93. Plaintiff was fully qualified to perform all aspects of her job.

94. Defendant engaged in discriminatory conduct in violation of the PHRA allowing the known sexual harassment to continue, allowing inappropriate comments to take place, and failing to remedy the situation.

95. Plaintiff suffered damages as a result of the sexual harassment and discrimination, including lost wages and emotional distress.

96. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's right protected under federal law to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendant, and award all damages available at law and equity, including:

    a) Lost back pay resulting from Defendant's constructive discharge of Plaintiff;

    b) Lost front pay continuing into the future for Defendant's unlawful conduct;

    c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorney's fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
**David M. Manes, Esq.**
PA ID No. 314661
**Manes & Narahari, LLC**
301 Grant Street, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

**VERIFICATION**

I, Brittany Brown, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Brittany Brown (Feb 2, 2026 09:02:29 EST)

Brittany Brown

02/02/2026
_____
Date